IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARLENE BAUMANN, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. |
| Plaintiff, | : : | |
| v. | : : | JURY DEMANDED |
| GOHEALTH, LLC, and WAVERLY CONSULTING GROUP INC. | : : : | |
| Defendants. | : | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Darlene Baumann ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited calls to telephones listed on the National Do Not Call Registry, unless the caller has the recipient's permission.

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶ 1 (July 10, 2015).

4. Plaintiff allege that Defendant GoHealth, LLC ("GoHealth") through the vendor they hired, Waverly Consulting Group, Inc., made telemarketing calls to number on the National Do Not Call Registry in violation of the TCPA.

5. Because telemarketing calls can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of proposed nationwide Class of other persons who were sent similar calls..

6. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff Darlene Baumann is a Texas resident.

8. Defendant Waverly Consulting Group, Inc. is a New York corporation.

9. Defendant GoHealth, LLC is a limited liability company registered to do business in Illinois with its principal place of business at 214 West Huron St., Chicago, Illinois 60654, which is in this district.

## Jurisdiction & Venue

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff' claims arise under federal law.

11. The Court has personal jurisdiction over the defendants because they contracted to originate leads through telemarketing calls for GoHealth in this district.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district and maintains its principal place of business in this district. Venue is further prior

pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing campaign at issue was organized with GoHealth from this District.

## The Telephone Consumer Protection Act

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

17. GoHealth markets and sells health insurance products and services to consumers.

18. GoHealth uses telemarketing to promote its products and services and solicit new customers.

19. GoHealth's telemarketing efforts include using third parties who are compensated based on the amount of new customers they can bring to GoHealth and potential new customers transferred to GoHealth's call center.

Calls to Ms. Baumann

20. Ms. Baumann is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Ms. Baumann's telephone number, (713) 817-XXXX has been on the National Do Not Call Registry since December 2017.

22. On July 28, 2021, the Plaintiff received two calls from (803) 836-7046.

23. Since she did not recognize the number, the Plaintiff rejected the calls.

24. However, the calls persisted.

25. On July 29, 2021, the Plaintiff received another call from (803) 836-7046.

26. Other individuals have complained about reciving spam calls from that number. *See* https://www.revpholook.com/8038367046.

27. To identify the party contacting her illegally, the Plaintiff answered the call.

28. The Plaintiff eventually spoke with Nick Hatzilers who identified that he was with GoHealth.

29. The number he provided was (855) 673-3578 extension 4700.

30. This is a number associated with GoHealth.

31. When the Plaintiff contacted GoHealth about the call, they identified Waverly Consulting as the entity that physically dialed the calls.

32. The Plaintiff did not provider her consent to receive these calls.

33. The Plaintiff and other putative class members were harmed by the conduct that invaded their privacy.

4

**GoHealth's Liability for the Telemarketing Conduct of Waverly Consulting**

34.     D

**Class Action Allegations**

35.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

36.     The Class of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

37.     Excluded from the Class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38.     The Class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

39.     The potential class members number is likely hundreds since telemarketing campaigns make calls to tens or hundreds of individuals each day.  Individual joinder of these persons is impracticable.

40.     Plaintiff is a member of the Class.

41.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether GoHealth is vicariously liable for Waverly's conduct;

      b.    Whether the calls were placed without obtaining the recipients' prior consent for the call; and

      c.    Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

42.    Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by the Defendants and are based on the same legal and remedial theories.

43.    Plaintiff are adequate representatives of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

44.    In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

45.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

46.    The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

47. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

48. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

49. The Defendants' violations were negligent, willful, or knowing.

50. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Waverly Consultant or GoHealth from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B.      Appointment of Plaintiff as a representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

F.      An award to Plaintiff and the Class of damages, as allowed by law; and

G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

H.      Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Waverly Consultant or GoHealth from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

Dated: August 24, 2021

PLAINTIFF,
By her attorneys,

**/s/ *Anthony I. Paronich***
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com